UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:24-cv-00332

| | |
|---|---|
| Melissa Efrid, as Personal Representative of the Estate of KYLE BARRETT KEPLEY, <br><br>Plaintiff, <br><br>v. <br><br>ROCKINGHAM COUNTY SHERIFF SAMUEL SCOTT PAGE, in his Official Capacity; CAPTAIN MARCUS SHANE BULLINS, et al., <br><br>Defendants. | **ANSWER** |

**NOW COME** the Defendants, Samuel Scott Page, Orin Spencer Stultz and Reid James Boy, Sr., by and through counsel without waiving their Motion to Dismiss filed contemporaneously herewith, in Answer to the First Amended Complaint of the Plaintiff as follows:

1. ADMITTED upon information and belief.

2. ADMITTED upon information and belief.

3. It is ADMITTED that Defendant Page is a citizen and resident of Rockingham County and that he is the duly elected Sheriff of Rockingham County. It is further ADMITTED that Sheriff Page has all authority and rights pertinent thereto. It is DENIED that Sheriff Page is liable to Plaintiff in this matter.

4. It is ADMITTED that Sheriff Page has purchased a surety bond as required by law.

Except as herein admitted, all other allegations in paragraph 4 are DENIED.

5. The allegations in paragraph 5 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

6. The allegations in paragraph 6 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

7. It is ADMITTED that Defendant Boyd is a resident of Rockingham County and was employed by Sheriff Page at the Rockingham County Detention Center ("RCDC"). It is further ADMITTED that Plaintiff attempts to state claims against Boyd in his individual capacity. Except as herein admitted, all other allegations in paragraph 7 are DENIED.

8. It is ADMITTED that Defendant Stultz is a resident of Rockingham County and is employed by Sheriff Page at the RCDC. It is further ADMITTED that Plaintiff attempts to state claims against Stultz in his individual capacity. Except as herein admitted, all other allegations in paragraph 8 are DENIED.

9. It is ADMITTED that Defendant, Southern Health Partners, Inc. had a contract to provide care to inmates at the RCDC. It is DENIED these answering Defendants are liable to Plaintiff in this matter.

10. The allegations in paragraph 10 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

11. The allegations in paragraph 11 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

12. The allegations in paragraph 12 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

13. Paragraphs 1 through 13 of the Answer are hereby adopted and incorporated herein by reference as if fully set forth herein.

14. It is ADMITTED that Plaintiff attempts to state claims under the provisions of the Constitution and the statutes cited therein. It is DENIED that these answering Defendants are liable to Plaintiff.

15. DENIED as set forth in Defendant's Brief accompanying this Answer.

16. ADMITTED.

17. It is ADMITTED Plaintiff attempts to state supplemental pendent jurisdiction. It is DENIED that the Court should exercise same in this matter.

18. Paragraphs 1 through 17 of the Answer are hereby adopted and incorporated herein by reference as if fully set forth herein.

19. It is ADMITTED that the RCDC was built in 2010 and has a capacity for approximately 239 inmates. The layout of the jail and its facilities is a matter of public record and therefore, a response is not required. The website of Sheriff Page speaks for itself. Except as herein admitted, all other allegations in paragraph 18 are DENIED.

20. It is ADMITTED that Sheriff Page is the duly elected Sheriff of Rockingham County with all rights and authorities pertinent thereto. It is further ADMITTED that Defendant Bullins was the Administrator of the RCDC at the time of this incident. Except as herein admitted, all other allegations in paragraph 19 are DENIED. It is specifically DENIED that these answering Defendants are liable to Plaintiff in this matter.

21. It is ADMITTED that Sheriff Page is the duly elected Sheriff of Rockingham County with all rights and authorities pertinent thereto. Except as herein admitted, it is DENIED that these answering Defendants are liable to Plaintiff in this matter.

22. The items cited by Plaintiff in paragraph 22 speak for themselves and require no response. It is DENIED that these answering Defendants are liable to Plaintiff.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, it is DENIED that Sheriff Page is liable to Plaintiff in this matter.

24. DENIED.

25. The allegations in paragraph 25 are not directed at these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

26. DENIED as to these answering Defendants.

27. 10A N.C.A.C. 14J.0601 speaks for itself. To the extent a response is required, it is DENIED that Sheriff Page is liable to Plaintiff in this matter.

4

28. It is ADMITTED that Defendant Bullins was the Administrator of the RCDC at the time of the incident referenced in the Complaint in this matter. Except as herein admitted, it is DENIED that these answering Defendants are liable to Plaintiff in this matter.

29. DENIED.

30. Paragraphs 1 through 29 of the Answer are hereby adopted and incorporated herein by reference as if fully set forth herein.

31. ADMITTED upon information and belief.

32. ADMITTED upon information and belief.

33. It is ADMITTED upon information and belief that Officer Martin completed a Medical Screening Intake for Kyle Barrett Kepley. The contents of the intake forms speak for themselves. It is DENIED that any errors in the intake form serve as a basis for liability for these answering Defendants.

34. DENIED.

35. The allegations in paragraph 35 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

36. ADMITTED upon information and belief. It is DENIED that these allegations make these answering Defendants liable to Plaintiff in this matter.

37. ADMITTED that Defendant Stultz took Kepley to see medical staff on or about May 2, 2022. Except as herein admitted, the remaining allegations in paragraph 37 are DENIED.

38. The allegations in paragraph 38 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

39. The allegations in paragraph 39 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

40. It is ADMITTED that on May 2, 2022, Defendant Boyd was on duty in F Pod where Kepley was housed in cell F216. Except as herein admitted, the remaining allegations in paragraph 40 are DENIED.

41. It is ADMITTED that Defendant Boyd checked on Kepley numerous times throughout the night and that Kepley repeatedly banged on his cell door. Except as herein admitted, all other allegations in paragraph 41 are DENIED.

42. DENIED.

43. It is ADMITTED that at approximately 11:30 pm on May 2, 2022, Defendant Boyd spoke with Kepley through his cell door window and observed him lying on his mattress on the floor. Except as herein admitted, all other allegations in paragraph 43 are DENIED.

44. ADMITTED that Boyd performed an observational round at approximately 12:50 a.m. on May 3, 2022. It is DENIED that Boyd is liable to Plaintiff in this matter.

45. ADMITTED upon information and belief.

6

46. It is ADMITTED that Kepley made certain untrue statements in the presence of Defendants Stultz and Boyd. Except as herein admitted, all other allegations in paragraph 46 are DENIED.

47. It is ADMITTED that there have been other deaths at the RCDC. It is DENIED that this creates liability on behalf of these answering Defendants in this matter.

48. DENIED.

49. DENIED.

50. DENIED.

51. DENIED.

52. DENIED.

53. DENIED.

54. DENIED.

55. DENIED.

56. The allegations in paragraph 56 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

57. Paragraphs 1 through 56 of the Answer are hereby adopted and incorporated herein by reference as if fully set forth herein.

58. DENIED.

59. Paragraph 59 contains legal conclusions to which no response is required. To the extent a response is required, it is DENIED these answering Defendants are liable to Plaintiff in this matter.

60. DENIED.

61. DENIED.

62. DENIED.

63. DENIED.

64. DENIED.

65. DENIED.

66. Paragraphs 1 through 65 of the Answer are hereby adopted and incorporated herein by reference as if fully set forth herein.

67. It is ADMITTED that Sheriff Page is the duly elected Sheriff of Rockingham County with all rights and authorities pertinent thereto, and that Bullins was the RCDC Administrator. It is DENIED that these answering Defendants are liable to Plaintiff in this matter.

68. DENIED.

69. DENIED.

70. DENIED.

71. DENIED.

72. DENIED.

73. DENIED.

74. DENIED.

75. DENIED.

76. DENIED.

77. Paragraphs 1 through 76 of the Answer are hereby adopted and incorporated herein by reference as if fully set forth herein.

78. DENIED.

79. DENIED.

80. DENIED.

81. DENIED.

82. DENIED.

83. Paragraphs 1 through 82 of the Answer are hereby adopted and incorporated herein by reference as if fully set forth herein.

84. DENIED.

85. DENIED.

86. DENIED.

87. DENIED.

88. Paragraphs 1 through 87 of the Answer are hereby adopted and incorporated herein by reference as if fully set forth herein.

89. N.C.G.S. § 1625-55 and N.C.G.S. § 162-24 speak for themselves. It is DENIED that these answering Defendants are liable to Plaintiff in this matter.

90. DENIED.

91. DENIED.

92. DENIED.

93. DENIED.

94. DENIED.

95. DENIED.

96. Paragraphs 1 through 95 of the Answer are hereby adopted and incorporated herein by reference as if fully set forth herein.

97. DENIED.

98. DENIED.

99. The allegations in paragraph 99 do not require a response. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff in this matter.

100. The allegations in paragraph 100 do not require a response. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff in this matter.

101. The allegations in paragraph 101 do not require a response. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff in this matter.

102. The allegations in paragraph 102 do not require a response. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff in this matter.

102[sic]. The allegations contained in this paragraph do not require a response. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff in this matter.

103[sic]. The allegations in paragraph 103[sic] constitute legal decisions to which no responses is required. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff in this matter.

103. DENIED.

104. DENIED as to these answering Defendants , including each and every subpart.

105. DENIED.

106. DENIED.

107. DENIED.

108. Paragraphs 1 through 107 of the Answer are hereby adopted and incorporated herein by reference as if fully set forth herein.

109. The allegations in paragraph 109 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

110. The allegations in paragraph 110 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

111. The allegations in paragraph 111 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

112. The allegations in paragraph 112 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

113. The allegations in paragraph 113 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

114. The allegations in paragraph 114 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

115. Paragraphs 1 through 114 of the Answer are hereby adopted and incorporated herein by reference as if fully set forth herein.

116. It is ADMITTED Plaintiff seeks damages for wrongful death. Except as herein admitted, all other allegations in paragraph 116 are DENIED.

117. DENIED.

118. DENIED, including each and every subpart.

119. DENIED.

120. Paragraphs 1 through 119 of the Answer are hereby adopted and incorporated herein by reference as if fully set forth herein.

121. The allegations in paragraph 121 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

12

122. The allegations in paragraph 122 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

123. The allegations in paragraph 123 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

124. The allegations in paragraph 124 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

125. The allegations in paragraph 125 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

126. The allegations in paragraph 126 are not directed to these answering Defendants. To the extent a response is required, it is DENIED that these answering Defendants are liable to Plaintiff.

## FIRST FURTHER DEFENSE

Defendants Stultz and Boyd are entitled to qualified immunity in bar of Plaintiff's federal claims, in their individual capacities.

## SECOND FURTHER DEFENSE

To the extent Plaintiff attempts to make state law claims against Defendants Page Stultz and Boyd, they are entitled to governmental immunity.

## THIRD FURTHER DEFENSE

To the extent Plaintiff attempts to make individual capacity negligence claims against these answering Defendants, they are entitled to public official's immunity.

**FOURTH FURTHER DEFENSE**

Some or all claims alleged by Plaintiff are barred by the applicable statute of limitations.

**FIFTH FURTHER DEFENSE**

To the extent Plaintiff makes negligence claims against Defendants Page, Stultz and Boyd, decedent's own contributory negligence by handing himself was a proximate cause of his death and pled in bar of this claim.

**SIXTH FURTHER DEFENSE**

For the reasons set forth in Defendants' Motion to Dismiss and Brief filed contemporaneously herewith, Plaintiff's claims should be dismissed pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure.

**SEVENTH FURTHER DEFENSE**

In addition to the foregoing defenses, these Answering Defendants reserve any and all additional and further defenses as may be revealed during discovery or upon receipt of additional information.

**WHEREFORE**, Defendants Samuel Scott Page, Orin Spencer Stultz and Reid James Boyd, Sr., having fully answered the First Amended Complaint of the Plaintiff pray unto the Court as follows:

1. That the Plaintiff have and recover nothing of these answering Defendants;
2. That the costs of this action be taxed to the Plaintiff;

3. For a jury trial on all issues so triable; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 20th day of June, 2024.

**FRAZIER, HILL & FURY, R.L.L.P.**

/s/William L. Hill
William L. Hill (NC State Bar No. 21095)
*Attorney for Defendants Page, Stultz and Boyd*
Post Office Drawer 1559
Greensboro, NC 27402
Telephone: (336) 378-9411
Fax: (336) 274-7358
Email: whill@frazierlawnc.com

15

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2024, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system for the Middle District of North Carolina, which will email said document addressed to the following Counsel:

David J. Ventura
Karonnie R. Truzy
CR Legal Team, LLC
1051 E. Morehead Street, Suite 100
Charlotte, NC 28204
djventura@crlegalteam.com
*Attorneys for Plaintiff*

Jay C. Salsman
Harris Creech Ward & Blackerby
P.O. Drawer 1168
New Bern, NC 28563
jcs@hcwb.net
*Attorney for Southern Health Partners, Inc.*

Patrick Flanagan
Cranfill Sumner & Hartzog, LLP
2907 Providence Road, #200
Charlotte, NC 28211
Phflanagan@cshlaw.com
*Attorney for Defendants Bullins & Martin*

/s/ William L. Hill
William L. Hill, (NC State Bar #21095)
*Attorney for Defendants Page, Stultz and Boyd*
Post Office Drawer 1559
Greensboro, NC 27401
Telephone: (336) 378-9411
Fax: (336) 274-7358
**FRAZIER HILL & FURY, R.L.L.P.**
Attorneys at Law
Whill@frazierlawnc.com